**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SUSAN D. HOFFMAN,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0752-16-0242-I-1

DATE: July 21, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alf E. Sivertson</u>, Esquire, Saint Paul, Minnesota, for the appellant.

<u>Deborah M. Levine</u>, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction because she failed to nonfrivolously allege that her decision to retire was involuntary due to improper agency action and, thus, tantamount to an appealable removal action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed with the agency as an EAS-20 Customer Services Manager. Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 10. In 1998, in the midst of a 35-year career with the agency, she suffered a back injury causing her to work in a limited-duty position. IAF, Tab 7 at 10. The main components of her modified job were that she could work in a supervisory capacity for only 4 hours per day. *Id.* at 9. From June 2013 through the time period relevant to this appeal, the appellant reported for duty at 5:30 a.m. as the opening supervisor. IAF, Tab 1 at 41. In October 2014, the appellant underwent a 3-day functional capacity evaluation. IAF, Tab 7 at 10-16. The Industrial Rehabilitation Therapist concluded that he could not determine her objective capabilities due to the appellant's "self-limitation secondary to pain and her need to attend to her pain by disengaging from work activities" throughout the evaluation. *Id.* at 15.

¶3        In April 2015, the appellant's supervisor changed her shift from the opening supervisor to the closing supervisor, which required her to report to duty at

3:30 p.m., as opposed to 5:30 a.m. IAF, Tab 1 at 20, 41. The appellant was not receptive to the schedule change and requested a formal job offer so that she could present it to her physician to determine what medical restrictions would be required on the new shift. IAF, Tab 7 at 17. The agency informed the appellant that the closing supervisor assignment was the same as the opening supervisor assignment, and on April 8, 2015, it instructed her to report to work at 3:30 p.m. for the following day. IAF, Tab 1 at 20, 37.

¶4    While on duty on April 9, 2015, the appellant met with her supervisor and expressed her concern that looking at package scans to clear evening packages would violate her bending restrictions because packages could be on the floor. IAF, Tab 6 at 13. The appellant's supervisor told her to take a picture of the bar code to be scanned so that she would not have to bend down. *Id.* Later that same day, the appellant suffered an on-duty injury while tugging on a vehicle door to see if it was locked; the injury was later accepted by the Office of Workers' Compensation Programs. IAF, Tab 1 at 21, 30, 44. After meeting with her physician following the injury, the appellant was out of work through June 12, 2015. Petition for Review (PFR) File, Tab 1 at 8.

¶5    Upon her return to duty on June 12, 2015, the appellant provided the agency with a "Work Ability" form wherein her physician requested that she "[r]eturn to work light duty. 4 [hours]/day. AM's if possible." IAF, Tab 7 at 18. In response, the agency presented her with an offer of modified assignment (limited duty). *Id.* at 19-22. The record shows that two offers were created on June 12, 2015, the first of which limited the appellant's lifting restrictions to 50 pounds and reflected a lower salary, and the second of which displayed handwritten corrections of a 20-pound lifting restriction and her accurate salary. *Id.* The appellant disputes that she received the second offer of modified assignment form. PFR File, Tab 1 at 8-9. On June 12, 2015, the appellant returned to work as the opening supervisor. *Id.* at 8.

¶6      On June 30, 2015, the District Reasonable Accommodation Committee (DRAC) notified the appellant that she may have restrictions that do not allow her to adequately perform the essential functions of her position. IAF, Tab 7 at 23. She agreed to meet with the DRAC to be considered for a reasonable accommodation. *Id.* Prior to the meeting, the appellant filed a formal Equal Employment Opportunity (EEO) complaint of discrimination alleging that the agency discriminated against her when it denied her request for a reasonable accommodation beginning April 1, 2015, by changing her schedule. IAF, Tab 1 at 9. The appellant met with the DRAC on August 11, 2015, and scheduled retirement counseling on August 13, 2015. *Id.* at 37. Before the DRAC reached a decision regarding the appellant's medical restrictions, she retired effective on, or about, September 1, 2015. *Id.* at 4, 37. Following her retirement, the appellant amended her discrimination complaint to allege that the agency forced her to retire. *Id.* at 9. The agency issued a Final Agency Decision, finding no discrimination. *Id.* at 52-53.

¶7      The appellant filed an appeal with the Board alleging that her retirement was involuntary and constituted a constructive removal. *Id.* at 2. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that her working conditions were so intolerable that she was forced to retire. IAF, Tab 8, Initial Decision (ID) at 5-6. The appellant has filed a petition for review arguing that the Board has jurisdiction over her appeal because her retirement was involuntary. PFR File, Tab 1 at 6-9. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8      The appellant has the burden of proving by preponderant evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). An employee-initiated action, such as retirement, is presumed to be voluntary and, thus, outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*,

107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is equivalent to a forced removal and, therefore, is within the Board's jurisdiction. *Id.* If an appellant presents nonfrivolous allegations of Board jurisdiction, i.e., allegations of fact that, if proven, could establish the Board's jurisdiction, then she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Id.*, ¶ 18.

¶9 To overcome the presumption that a retirement is voluntary, the employee must show that it was the result of the agency's misinformation or deception or that she was coerced by the agency to retire. *Id.*, ¶ 19. The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* On review, the appellant contends that her working conditions were so intolerable that she had no choice but to retire. PFR File, Tab 1 at 9. In cases such as this, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001).

¶10 On review, the appellant alleges that her working conditions were difficult and unpleasant for several reasons. She claims that the agency switched her position from the opening supervisor to the closing supervisor and would not provide her with a new job offer for her physician to approve. PFR File, Tab 1 at 7-8. She also asserts that, when the agency did respond, it informed her that she was required to perform the closing supervisor shift or she would "be out of work." *Id.* at 8. She also claims that, after her April 9, 2015 injury, the agency

failed to efficiently communicate with her and her physician, causing her to take sick leave for several more weeks. *Id.* She asserts that, when she was put back to work on the morning shift after her injury, the agency's offer of modified assignment (limited duty) improperly required her to lift up to 50 pounds, despite her physician's recommendation of a 20-pound lifting restriction. *Id.*; IAF, Tab 7 at 19-20. Although the appellant acknowledges a second offer of modified assignment (limited duty), she asserts that she never received that document. PFR File, Tab 1 at 8-9. The appellant argues that, cumulatively, "[the] stressors imposed upon her by [the agency] would not end and[,] with her doctor's recommendation that her quality of life would be better if she retired, [she] involuntarily chose to retire effective September 1, 2015." *Id.* at 9.

¶11    Regarding the schedule shift from the morning supervisor to the evening supervisor, which the appellant categorized as a failure to accommodate, the administrative judge found that the appellant did not sufficiently allege that the agency subjected her to intolerable working conditions by denying the alleged request for a reasonable accommodation to schedule her back on the morning shift. ID at 6. The administrative judge reasoned that the appellant did not claim or assert that "any facet of her day-to-day working conditions was intolerable." *Id.* She also stated that the appellant had not "shown" that the agency refused to engage in the interactive process or otherwise acted improperly. *Id.* We note that the appellant was not required to prove her allegations at this stage, *see Bump v. Department of the Interior*, 64 M.S.P.R. 326, 332 (1994), but we find that the appellant failed to make a nonfrivolous allegation that the agency did not engage in the interactive process. It is undisputed that both the appellant and the DRAC met on August 11, 2015, and discussed her physical limitations and possible options. IAF, Tab 1 at 37. Further, she does not allege that she remained on the closing shift, subject to intolerable conditions, until the date of her retirement. Rather, she acknowledges that, when she returned after her April 9, 2015 injury, she was returned to the opening shift position. PFR File, Tab 1 at 8.

¶12    We agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she reasonably feared serious injury as a consequence of performing her modified duties.  ID at 6.  Although the appellant allegedly feared injury, she has made no allegation that, in any specific instance, the agency forced her to perform any particular duty outside of her medical restrictions, namely, lifting more than 20 pounds.  Even if we take as true her assertion that she was never presented with the amended offer of modified assignment (limited duty), which reduced her lifting restrictions from 50 to 20 pounds, she has made no specific allegation that the agency actually required her to lift anything weighing either 50 or 20 pounds.

¶13    Regarding the appellant's discrimination and retaliation claims, which she does not renew on review, the administrative judge correctly determined that the Board does not have jurisdiction over these claims.  ID at 7.  To the extent they relate to the question of voluntariness, we find that the appellant has failed to nonfrivolously allege that any discrimination or retaliation on the part of the agency rendered the appellant's retirement involuntary.  The appellant had already begun the process of addressing the alleged discrimination before she retired and could have waited for the outcome of her formal EEO complaint to determine if retirement was necessary.  *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009).  Simply because the appellant may have been faced with the option of waiting for the agency's ruling on her formal discrimination complaint or deciding to retire does not render her decision involuntary.  *See Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 350 (1995).

¶14    Based on the foregoing, we find that the appellant has failed to nonfrivolously allege that a reasonable person faced with these working conditions would have felt compelled to retire.  As correctly found by the administrative judge, without any such allegation, the Board lacks jurisdiction over the appellant's claim that she retired involuntarily.  ID at 6-7; *see Brown v.*

*U.S. Postal Service*, [115 M.S.P.R. 609](#), ¶¶ 10-11, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  [5 U.S.C. § 7703](#)(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  [5 U.S.C. § 7703](#)(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  [5 U.S.C. § 7703](#)(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.